UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MALLORY MEYER, Individually and as Daughter and Personal Representative of the Estate of JAMES EVERETT MEYER, deceased.<br>  Plaintiff,<br>vs.<br><br>KEVIN COFFEY, Individually and as an Agent/Employee of the MAYPEARL POLICE DEPARTMENT, and/or THE CITY OF MAYPEARL, TEXAS.<br>  Defendants. | § § § § § § § § § § § § § §  CAUSE NO. _____ |

**ORIGINAL COMPLAINT**

  Plaintiff MALLORY MEYERS, Individually and as Daughter and Personal Representative of the Estate of JAMES EVERETT MEYER, deceased, complains of the Defendants Kevin Coffey ("Coffey"), The Maypearl Police Department ("MPD"), and the City of Maypearl, Texas (the "City" or "Maypearl"), as follows:

**NATURE OF THE ACTION**

 1. This is a case of official police retaliation, harassment, intimidation, and wrongful death.

**JURISDICTION AND VENUE**

 2. This Court has original subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States, and under 28 U.S.C. § 1343 because

this is a civil action to recover damages under an Act of Congress for the protection of civil rights.

3. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b). The City, MPD, and Mallory Meyers reside in the Northern District of Texas. In addition, James Meyer was a resident of the Northern District of Texas and substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district and division.

4. This Court may exercise personal jurisdiction over the City, Coffey, and MPD because they are residents of the Northern District of Texas.

**THE PARTIES**

5. On or about April 15, 2013, James Meyer purchased a home located at 207 E. 3rd St., in Maypearl, Texas 76064. Meyer was the owner of James Meyer Roofing and Remodeling. Meyer had purchased the home to remodel and move into as his primary residence so that he can be closer to his daughters, who were students at Maypearl High School.

6. Kevin Coffey is an individual member and former Police Chief of the Maypearl Police Department.

7. Maypearl is a Texas municipality located in the Northern District of Texas, Dallas Division, and may be served with process by serving the City Secretary at 104 E 2nd St. Maypearl, TX 76064.

**FACTUAL ALLEGATIONS**

8. On or about April 15, 2013, James Meyer purchased a home located at 207 E. 3rd St., in Maypearl, Texas 76064. Meyer, was the owner of James Meyer Roofing and Remodeling. Meyer purchased the home to remodel and move into as his primary residence. After purchasing the home, Meyer had become acquainted with Officer Shannon Bachman, who was the police chief of Maypearl in April of 2013. During that time Meyer received credible information from his

daughters regarding police officer conduct with minors. Meyer expressed concerns to Shannon Bachman about Kevin Coffey's inappropriate contact with local teenage girls. Specifically, Meyer had knowledge that Kevin Coffey had sexual contact with at least one girl high school girl and exchanged inappropriate text messages and phone calls to other high school girls. After relaying his concerns, it appeared to Meyer that no immediate action would be taken to address the allegations.

9. On or about May 18, 2013, Officer Kevin Coffey, then Sargent with the Maypearl Police Department (MPD), entered Mr. Meyer's home without cause or consent and began interrogating him. Meyer explained that he had recently purchased the home and was in the process of remodeling. Meyer was subsequently arrested in his home for a warrant for a traffic violation in Arlington, Texas. At the time of the arrest, Meyer was recovering from an auto accident and his arm was in a sling. Meyer asked Officer Coffey to be handcuffed with his hands in front of his body due to his injuries. Officer Coffey refused and tightly handcuffed Mr. Meyer behind his back, causing intense pain and injury to Meyer's injured shoulder, arm and wrists.

10. Since May 18, 2013 until his death on June 13, 2015, James Meyer was the subject of excessive force, harassment, and intimidation by Police Chief Kevin Coffey. Chief Coffey has made death threats, threats to frame Mr. Meyer for criminal acts, illegally spied on Mr. Meyer, permitted and participated in constant drive-bys, stalked James and his family, sent police presence outside his Maypearl home, and following him throughout Maypearl. In addition, Chief Coffey, has also intimidated family members of James Meyer by following them throughout the city or directing other law enforcement officers to follow them and use pretextual traffic stops to question them.

11. Chief Coffey persisted with harassment to intimidate and retaliate against Mr. Meyer and his family for addressing Chief Coffey's improper sexual conduct with high school girls.

12. Chief Coffey's retaliation and harassment caused James Meyer anxiety, mental anguish, physical pain and suffering.

13. The ultimate effect of Chief Coffey's misconduct was to cause such stress and pain to James Meyer that he became obsessed with the fear that he would be falsely accused and imprisoned for criminal acts he never committed.

14. The stress became so great that it ultimately led to Mr. Meyer committing suicide to escape the harassment by Chief Coffey.

15. On July 11, 2015, law enforcement officials executed a search warrant at Chief Coffey's home and recovered cell phones, thumb drives, and computers among other things.

16. Chief Coffey is being investigated for five separate allegations involving the at least one young girl. They include official oppression, misuse of official information, online solicitation of a minor, stalking and harassment and tampering with evidence.

17. Officer Coffey was a Chief of Police for the Maypearl Police Department ("MPD") during the relevant periods. Coffey was a "final policymaker" in the City. Upon information and belief, Coffey implemented an unconstitutional policy that caused Meyer's injury. Coffey failed to properly supervise MPD officers or to prevent or discipline constitutional violations committed by members of the MPD. These policies are unconstitutional because they violated James Meyer's rights under the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution. Such acts by the MPD, Chief Coffey, were done under color of law and deprived Mr. Meyer of his constitutional rights under the First, Fourth, and Fourteenth Amendment. In addition, Mr. Meyer has suffered damages as a result of the violations.

**CLAIMS FOR RELIEF**

18. The preceding paragraphs are incorporated into each count below by reference.

19. All conditions precedent have occurred or have been performed.

A. **COUNT ONE: VIOLATION OF 42 U.S.C. § 1983 BY COFFEY FOR ILLEGAL SEARCH**

20. Meyer has a constitutional right against unlawful searches under the Fourth and Fourteenth Amendments of the United States Constitution.

21. Meyer has a reasonable expectation of privacy in his home. Meyer has a heightened interest of privacy associated with being free from intrusion in their home. Coffey's intrusion into Meyer's home on May 18, 2013, constitutes a search.

22. Coffey's intrusion into Meyer's home on May 18, 2013, was done without a warrant and in the absence of exigent circumstances or consent by the Meyers.

23. Coffey and failed to knock and announce his identity and purpose before forcibly entering Meyer's home in May of 2013. Coffey, did not have reasonable suspicion that knocking and announcing his presence would inhibit the effective investigation of a crime by allowing the destruction of evidence. And there was not present any other exigent circumstance or rationale to excuse the MPD's failure to knock and announce.

24. Meyer suffered damages as a result of these violations.

B. **COUNT TWO: VIOLATION OF 42 U.S.C. § 1983 AGAINST COFFEY FOR ILLEGAL SEIZURE**

25. Coffey illegally seized James Meyer in his home because he did so without a warrant.

26. Meyer suffered damages as a result of these violations.

C. **COUNT THREE: VIOLATION OF 42 U.S.C. § 1983 AGAINST COFFEY FOR FIRST AMENDMENT RETALIATION**

27. Meyer engaged in a constitutionally protected activity in voicing his concerns regarding MPD conduct.

28. Coffey's actions in unlawfully searching Meyer's home and illegally seizing him, caused Meyer to suffer an injury that would chill a person of ordinary firmness from continuing to engage in protected First Amendment speech.

29. Coffey's adverse actions were substantially motivated against Meyer's exercise of constitutionally protected conduct.

30. Meyer suffered damages as a result of these violations.

D.   **COUNT FOUR: VIOLATION OF 42 U.S.C. § 1983 BY SHANNON BACHMAN**

31. Bachman was the Chief of Police for the MPD during the relevant periods provided herein. Bachman was a "final policymaker" in the City.

32. Upon information and belief, Bachman implemented an unconstitutional policy that caused Plaintiff's injury.

33. Upon information and belief, the retribution, harassment, and intimidation directed at Meyer over the course of a few years in response to Meyer's complaints of MPD misconduct is attributable to a department-wide policy to condone, and even encourage, such illegal acts.

34. Upon information and belief, Bachman failed to properly supervise MPD officers or to prevent or discipline constitutional violations committed by members of the MPD.

35. Upon information and belief, Bachman implemented these policies.

36. These policies are unconstitutional because they violate Meyer's rights under the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution. Meyer suffered damages as a result of these violations.

E.   **COUNT FIVE: VIOLATION OF 42 U.S.C. § 1983 BY KEVIN COFFEY**

37. Coffey was the Chief of Police for the MPD during the relevant periods provided herein. Coffey was a "final policymaker" in the City.

38. Upon information and belief, Coffey implemented an unconstitutional policy that caused Plaintiffs' injury.

39. Upon information and belief, the retribution, harassment, and intimidation directed at Meyer over the course of a few years in response to Meyer's complaints of MPD misconduct is attributable to a department-wide policy to condone, and even encourage, such illegal acts.

40. Upon information and belief, Coffey failed to properly supervise MPD officers or to prevent or discipline constitutional violations committed by members of the MPD.

41. Upon information and belief, Coffey implemented these policies.

42. These policies are unconstitutional because they violate Meyer's rights under the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution. Meyer suffered damages as a result of these violations.

F. **COUNT SIX: VIOLATION OF 42 U.S.C. § 1983 AGAINST THE CITY UNDER MONELL LIABILITY**

43. The City caused the unconstitutional torts committed by Bachman on May 18, 2013, through a governmental custom or policy to violate Meyer's constitutional rights and by failing to adequately supervise MPD officers or to prevent or discipline constitutional violations committed by members of the MPD.

44. Bachman, as the Chief of Police during the relevant periods provided herein, was a final policymaker.

45. Coffey, as the predecessor Chief of Police during the relevant periods provided herein, was a final policymaker.

46. There exists or existed a policy of the City to violate the Meyers First, Fourth, Fifth and Fourteenth Amendment rights.

47. There also exists or existed a policy of the City to fail to properly supervise MPD officers or to prevent or discipline constitutional violations committed by members of the MPD.

48. As demonstrated above, there are persistent, widespread practices of members of the MPD which are so common and well settled as to constitute a custom that fairly represents municipal policy.

49. One policy is to retaliate against, harass and intimidate Meyer for voicing concerns of police misconduct. This includes made death threats, threats to frame Mr. Meyer for criminal acts, illegally spying on Mr. Meyer, constant drive-bys, and police presence outside his Maypearl home and following him throughout the city of Maypearl.  In addition, Chief Coffey, as well as other officers in the department, have also followed and intimidated family members of James Meyer by following them throughout the city or directing other law enforcement officers to follow them and use pretextual traffic stops to question family members.

50. The other policy is to fail and refuse to properly supervise the MPD. It was obvious that the highly predictable consequence of not supervising MPD officers was that they would violate citizens' rights protected by the First, Fourth, Fifth and Fourteenth Amendments.

51. The City was the moving force behind Plaintiff's injuries and the policies caused the violation of Meyer's constitutional rights.

52. Bachman ratified the violations committed by Coffey.

53. Coffey as predecessor to Bachmann continued those policies.

54. Meyer suffered damages as a result of these violations.

### G.     COUNT SEVEN:  WILLFUL AND WANTON - WRONGFUL DEATH BY KEVIN COFFEY

55. At all times relevant from May 18, 2013 to June 13, 2015, Defendant Kevin Coffey acted under color of law.

56. Defendant Kevin Coffey acted contrary to law, and intentionally, willfully, wantonly and unreasonably deprived James Meyer of his rights, privileges, and immunities secure by the U.S. Constitution and 42 U.S.C. § 1983.

57. The above-described acts and omissions by Defendant Kevin Coffey demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of James Meyer.

58. From May 18, 2013 to June 13, 2015, at various points in time, James Meyer was subjected to mental and emotional stress which caused him to suffer from severe depression and paranoia.

59. From May 18, 2013 to June 13, 2015 the date of his death, Kevin Coffey and various members of the Maypearl Police Department, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of James Meyer by following him throughout the city.

60. From May 18, 2013 to June 13, 2015 the date of his death, Kevin Coffey and various members of the Maypearl Police Department, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of James Meyer by maligning his named throughout the city to various business owners and citizens by telling people he was mentally unstable. This distrust initiated by the police officers caused a sharp decline in Mr. Meyer's business, causing severe emotional distress.

61. From May 18, 2013 to June 13, 2015 the date of his death, Kevin Coffey and various members of the Maypearl Police Department, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of James Meyer by stalking him, showing up inside of restaurants and bars where he was dining and threatening him.

62. From May 18, 2013 to June 13, 2015 the date of his death, Kevin Coffey and various members of the Maypearl Police Department, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of James Meyer by harassing him and members of his family. The constant traffic stops and arrests drove Meyer to believe that he and his family would be unable to escape the constant police presence.

63. As a direct and proximate result of the foregoing, Defendant Kevin Coffey, individually and as an agent of the Maypearl Police Department, deprived James Meyer of his rights and privileges as a citizen of the United States, and caused James Meyer to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

64. The claims and causes of action for the wrongful death of James Meyer are brought by his daughter Mallory Meyer on behalf of herself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

**H.     COUNT EIGHT:  WILLFUL AND WANTON - WRONGFUL DEATH BY SHANNON BACHMAN**

65. At all times relevant from May 18, 2013 to June 13, 2015, Defendant Shannon Bachman acted under color of law.

66. Defendant Shannon Bachman acted contrary to law, and intentionally, willfully, wantonly and unreasonably deprived James Meyer of his rights, privileges, and immunities secure by the U.S. Constitution and 42 U.S.C. § 1983.

67. The above-described acts and omissions by Defendant Shannon Bachman demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of James Meyer.

68. From May 18, 2013 to June 13, 2015, at various points in time, James Meyer was subjected to mental and emotional stress which caused him to suffer from severe depression and paranoia.

69. From May 18, 2013 to June 13, 2015 the date of his death, Shannon Bachman and various members of the Maypearl Police Department, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of James Meyer by following him throughout the city.

70. From May 18, 2013 to June 13, 2015 the date of his death, Shannon Bachman and various members of the Maypearl Police Department, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of James Meyer by maligning his named throughout the city to various business owners and citizens by telling people he was mentally unstable.  This distrust initiated by the police officers caused a sharp decline in Mr. Meyer's business, causing severe emotional distress.

71. From May 18, 2013 to June 13, 2015 the date of his death, Shannon Bachman and various members of the Maypearl Police Department, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of James Meyer by stalking him, showing up inside of restaurants and bars where he was dining and threatening him.

72. From May 18, 2013 to June 13, 2015 the date of his death, Shannon Bachman and various members of the Maypearl Police Department, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of James Meyer by harassing him and members of his family. The constant traffic stops and arrests drove Meyer to believe that he and his family would be unable to escape the constant police presence.

73. As a direct and proximate result of the foregoing, Defendant Shannon Bachman, individually and as an agent of the Maypearl Police Department, deprived James Meyer of his rights and privileges as a citizen of the United States, and caused James Meyer to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

74. The claims and causes of action for the wrongful death of James Meyer are brought by his daughter Mallory Meyer on behalf of herself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

## JURY DEMAND

75. Pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment, Plaintiffs request a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a judgment for actual damages against Kevin Coffey, Shannon Bachman, and the City, punitive damages against Coffey, Bachman, and the City of Maypearl for attorneys' fees and costs as available by relevant statutes and laws, and such other and further relief as this Court may deem appropriate.

Respectfully submitted,

/s/ Andrea M. Hunter
**ANDREA M. HUNTER**
State Bar No. 24059984
**HUNTER LAW PLLC**
420 Throckmorton St., Suite 200
Ft Worth, Texas 76102
Office: 817-717-2827
Fax: 817-717-2838
andrea@justicerequired.com
**ATTORNEY FOR PLAINTIFF**
**MALLORY MEYER**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record via certified mail, on this 9th day of September, 2015.

/s/ Andrea M. Hunter