IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
<u>DALLAS DIVISION</u>

| | | |
|---|---|---|
| MALLORY MEYER, Individually and as § <br> Daughter and Personal Representative of § <br> the Estate of JAMES EVERETT MEYER, § <br> deceased, § <br>       Plaintiff, § <br> § <br> vs. § <br> § <br> KEVIN COFFEY, Individually and as an § <br> Agent/Employee of the MAYPEARL § <br> POLICE DEPARTMENT, and/or THE § <br> CITY OF MAYPEARL, TEXAS, § <br>       Defendants. § <br> § | | CIVIL ACTION NO. 3:15-cv-02935-B |

<u>CITY OF MAYPEARL'S RESPONSE TO PLAINTIFF'S MOTION FOR
CONTINUANCE AND BRIEF IN SUPPORT</u>

     This is a wrongful-death claim where the Plaintiffs assert that James Meyer committed suicide caused by harassment allegedly committed by a former Maypearl police chief—Kevin Coffey.  The Plaintiffs now move for a continuance of the trial date and a reset of **all** pretrial deadlines based on the bare (and contested) assertion that a Texas Rangers report regarding the investigation of Mr. Coffey's alleged sexual contact with a minor contains "crucial discovery material which would be helpful to the Plaintiff and Defense."  However, Mr. Coffey's alleged conduct with those not party to this suit provides no valid basis for why such report has prevented Plaintiffs from complying with the court's pretrial deadlines; nor does it excuse Plaintiffs' failure to establish what claims or defenses the alleged report relates to, especially as to this Defendant—the City of Maypearl.  The Plaintiffs are simply attempting to delay the trial of this matter and avoid the adjudication of their claims, which have no merit, certainly as to the

City. Accordingly, the City of Maypearl requests that the Court deny the motion for continuance as to the City pending ruling on the City's previously-filed dispositive motion.

I.     **History of the Case:**

This lawsuit was originally filed on September 9, 2015. The Plaintiffs' first amended complaint asserts that James Meyer moved to Maypearl, Texas on April 15, 2013 and immediately became aware that Kevin Coffey (then a sergeant in the Maypearl Police Department) was allegedly having "inappropriate contact with local teenage girls."[1] Plaintiffs assert that Mr. Meyer "expressed concerns" about such allegations to Shannon Bachman, who was the police chief at the time.[2] Plaintiffs allege that, by May 18, 2013, Kevin Coffey began harassing Mr. Meyer to the point where, on June 13, 2015, Mr. Meyer allegedly committed suicide (in Arlington, Texas) "to escape the harassment."[3]

The Plaintiffs' complaint asserts a variety of claims under 42 U.S.C § 1983 essentially claiming that the City of Maypearl had a policy, created by former chief Coffey, "to retaliate against, harass and intimidate Meyer for voicing concerns of police misconduct."[4] (It should be noted that, Plaintiffs have no evidence of such a "policy" and, in her deposition, Mayor Adele Mooney testified that former Chief Coffey did not even make final policy. He only recommended policies to the Mayor and City Council for consideration and approval.[5]) The Plaintiffs also assert, in entirely conclusory fashion, that the City failed to properly supervise the Maypearl Police Department and that "the highly predictable consequence of not supervising the [police department] officers was that they would violate citizens' rights protected by the First,

---

[1] ECF Doc. 18 - Plaintiff's First Amended Complaint, ¶ 8, p. 3.
[2] ECF Doc. 18 - Plaintiff's First Amended Complaint, ¶ 8, p. 2.
[3] ECF Doc. 18 - Plaintiff's First Amended Complaint, ¶¶ 10-14, pp. 3-4.
[4] ECF Doc. 18 - Plaintiff's First Amended Complaint, ¶¶ 45, 49, p.7-8.
[5] Exhibit 1 – Deposition of Mayor Beverly Adele Mooney, APPX. 8, 31:20-32:3, APPX 33, 33:11-33:19, APPX 10, 39:2-40:24, APPX 11, 41:3-42:2.

Fourth, Fifth and Fourteenth Amendments."[6]  The Plaintiffs seek "actual damages" through their lawsuit.

The Court issued its scheduling order on November 30, 2015.[7]  Since that date, the Plaintiffs have made little effort to prepare this case for trial.  The parties did exchange initial disclosures.  However, Plaintiffs have served no written discovery requests on the City of Maypearl.  Despite the fact that Plaintiffs apparently seek wrongful-death damages and they assert that Mr. Meyer committed suicide because of alleged harassment by Mr. Coffey (rather than Mr. Meyer's apparent underlying psychological problems), the Plaintiffs designated no experts in compliance with the scheduling order.  The deadline for discovery closed on June 20, 2016; however, the parties agreed to conduct two depositions after that date—the deposition of Plaintiff Mallory Meyer and the deposition of City-of-Maypearl-Mayor Adele Mooney.  Both depositions have now been taken.  The City has filed a Rule 12 (c) motion, in compliance with the Court's scheduling order, which is currently pending.[8]  That motion attacks the Plaintiffs' claims because they are conclusory and implausible and some of the claims violate the statute of limitations.

II.     **The Plaintiffs have failed to show a legitimate need for the Texas Rangers' report, which has no direct connection to the claims in this case against the City.**

The Plaintiffs assert that a continuance is warranted because they have been unable to obtain a copy of a report generated by the Texas Rangers in connection with their investigation of alleged sexual offenses by Kevin Coffey.[9]  Plaintiffs make no effort to connect that criminal investigation to their claims, especially against the City.  They merely assert that they "believe"

---

[6] ECF Doc. 18 - Plaintiff's First Amended Complaint, ¶ 50, p. 8.
[7] ECF Doc. 15 – Scheduling Order.
[8] ECF Doc. 20 – Defendant City of Maypearl's Rule 12 (c) Motion for Judgment on the Pleadings and Brief in Support.
[9] ECF Doc. 21 - Plaintiff's Motion for Continuance, ¶ II, p. 1.

the report contains "crucial discovery material which would be helpful to the Plaintiff and Defense."[10] Plaintiffs' arguments do not provide a valid basis for a continuance.

Although Plaintiffs would clearly like to focus this case on the sexual offenses allegedly committed by Mr. Coffey, that is not what this case is about.[11] Plaintiffs' claims are about alleged harassment of Mr. Meyer and alleged policies to harass Mr. Meyer, which Plaintiffs' assert caused Mr. Meyer to commit suicide.[12] There is no dispute that Mr. Coffey was indicted for multiple, alleged, sexual offenses, including: 1) "Sexual Performance by a Child;" 2) "Sexual Assault of a Child;" 3) "Indecency With a Child Exposes [sic];" and 4) "Indecency With a Child Sexual Contact." Those indictments are a matter of public record. However, the evidence gathered in connection with the investigation of those charges is not relevant to Plaintiffs' claims. Plaintiffs are not suing the City for such alleged "inappropriate contact" with a minor. They are suing the City for a "policy" directing alleged, unconstitutional harassment, which they claim caused Mr. Meyer to commit suicide.[13] And, Plaintiffs make no effort to link their alleged need for the Texas Rangers' report to any specific claim or defense in this case, which is generally required to support their request for a continuance.[14]

Furthermore, Plaintiffs fail to meet the basic requirements to obtain a continuance. Plaintiffs do not show that they were diligent in discovery in this matter. Plaintiffs do not argue that they were prevented from conducting discovery on their claims or prevented from disclosing experts regarding their damages or the cause of Mr. Meyer's suicide due to their alleged inability

---

[10] ECF Doc. 21 - Plaintiff's Motion for Continuance, ¶ II, p. 2.
[11] *See* Exhibit 1 – Deposition of Mayor Beverly Adele Mooney, APPX 7, 25:9-25:22.
[12] ECF Doc. 18 - Plaintiff's First Amended Complaint, ¶¶ 10-14, pp. 3-4.
[13] *Id.*
[14] *See, e.g., Bauer v. Albemarle Corp.*, 169 F.3d 962, 968 (5th Cir. 1999) (stating that "[t]o obtain a continuance of a motion for summary judgment in order to obtain further discovery, a party must indicate to the court by some statement, preferably in writing (but not necessarily in the form of an affidavit), why he needs additional discovery and *how* the additional discovery will create a genuine issue of material fact").

to obtain the Texas Rangers' report. Plaintiffs do not assert that they will suffer prejudice if they are not allowed to obtain the report. Plaintiffs do not even assert what facts the report **might** reveal. They merely assert that access to the report would be "helpful." Accordingly, Plaintiffs' motion is inadequate to support a continuance.[15] Furthermore, granting the requested continuance and resetting all prior deadlines would only lead to delay and inefficiency. Plaintiffs' pleadings fail to state a viable claim, and subjecting the City to further discovery under the circumstances of this case would be a waste of taxpayer money.

### III.   Conclusion and Request for Relief:

Mr. Coffey's alleged sexual offenses are not what this case is about, and Plaintiffs have shown no valid basis for why the Texas Rangers' report is necessary for Plaintiffs to comply with the court's pretrial deadlines, and they fail to show what claims or defenses the alleged report relates to. The Plaintiffs have had ample time for discovery. The requested continuance is simply an attempt to delay the trial of this matter and avoid the adjudication of Plaintiffs' claims, which have no merit. Accordingly, the City of Maypearl requests that the Court deny the motion for continuance as to the City, and the City requests any additional relief to which it is justly entitled.

---

[15] *See Id.*

**CITY OF MAYPEARL'S RESPONSE TO PLAINTIFF'S**
**MOTION FOR CONTINUANCE AND BRIEF IN SUPPORT**                               **PAGE 5**

        Respectfully submitted,

        */s/ Darrell Noga*
        DARRELL G-M NOGA
        State Bar No. 00785326
        dnoga@canteyhanger.com
        BRYAN S. DAVID
        State Bar No. 24031989
        bdavid@canteyhanger.com
        CANTEY HANGER, LLP
        1999 Bryan Street, Suite 3300
        Dallas, Texas 75201
        Telephone: (214) 978-4100
        Facsimile: (214) 978-4150

        **ATTORNEYS FOR DEFENDANT**
        **CITY OF MAYPEARL, TEXAS**

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on August 8, 2016, a true and correct copy of the foregoing was filed with the Clerk of the Court via the CM/ECF system and sent to Plaintiff via electronic service, in accordance with the Federal Rules of Civil Procedure.

**Via Electronic Filing**
Andrea M. Hunter
Hunter Law PLLC
420 Throckmorton Street, Suite 200
Fort Worth, Texas 76102
andrea@justicerequired.com

ATTORNEY FOR PLAINTIFF


**Via Certified Mail**
Kevin Coffey                          Via CM/RRR No. 7014 2870 0000 9949 6835
2728-15
Wayne McCollum Detention Center
300 S. Jackson Street
Waxahachie, Texas 75165
DEFENDANT


        */s/ Darrell G-M Noga*
        DARRELL G-M NOGA

---