IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MALLORY MEYER, Individually and as Daughter and Personal Representative of the Estate of JAMES EVERETT MEYER, deceased, | § § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 3:15-cv-02935-B |
| KEVIN COFFEY, Individually and as an Agent/Employee of the MAYPEARL POLICE DEPARTMENT, and/or THE CITY OF MAYPEARL, TEXAS, | § § § § § | |
| Defendants. | § § | |

### CITY OF MAYPEARL'S RESPONSE TO PLAINTIFFS MALLORY MEYER AND THE ESTATE OF JAMES EVERETT MEYER'S MOTION TO DISMISS CLAIMS WITHOUT PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)

On August 10, 2016, Plaintiffs filed a motion to dismiss their claims without prejudice.[1] Although the City of Maypearl, Texas, does not object to the dismissal of Plaintiffs' claims, the City does object to the dismissal of the claims without prejudice. On July 15, 2016, the City filed a motion to dismiss pursuant to Rule 12(c) asserting, among other things, that Plaintiffs' claims were barred by the two-year statute of limitations, that Plaintiffs have failed to identify an official policy in support of their municipal-liability claims, and that Plaintiffs' negligent-hiring-and-supervision claim is invalid under § 1983 as a matter of law.[2] That motion requested a dismissal of Plaintiffs' claims <u>with prejudice</u>, and Plaintiffs never responded to that motion

---

[1] ECF Doc 27-Plaintiffs' Mallory Meyer and the Estate of James Everett Meyer Motion to Dismiss Claims Without Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(2).

[2] ECF Doc 20-Defendant City of Maypearl's Rule 12(c) Motion for Judgment on the Pleadings and Brief in Support.

despite the passage of the deadline.  Additionally, the City would point out that all of the substantive deadlines in the scheduling order have passed with the exception of the pretrial deadlines.[3]  Thus, this case has been through a full discovery period.

Accordingly, the City respectfully requests that this case be dismissed with prejudice as to the City.  (The City takes no position regarding the disposition of this matter as it relates to any other party.)  The City further requests any additional relief to which it is justly entitled.

Respectfully submitted,

*/s/ Darrell Noga*
DARRELL G-M NOGA
State Bar No. 00785326
dnoga@canteyhanger.com
BRYAN S. DAVID
State Bar No. 24031989
bdavid@canteyhanger.com
CANTEY HANGER, LLP
1999 Bryan Street, Suite 3300
Dallas, Texas 75201
Telephone: (214) 978-4100
Facsimile: (214) 978-4150

**ATTORNEYS FOR DEFENDANT
CITY OF MAYPEARL, TEXAS**

---

[3] ECF Doc 15-Scheduling Order.

## **CERTIFICATE OF SERVICE**

  The undersigned attorney certifies that on August 12, 2016, a true and correct copy of the foregoing was filed with the Clerk of the Court via the CM/ECF system and served on all parties in accordance with the Federal Rules of Civil Procedure, as follows:

**Via Electronic Filing**
Andrea M. Hunter
Hunter Law Firm PLLC
300 Burnett Street, Suite 130
Fort Worth, Texas 76102
andrea@justicerequired.com

Selim K. Fiagome
Fiagome Law Firm PLLC
990 Hwy 287 N. Suite 106 #195
Mansfield, Texas 76063
sfiagome@fiagomelaw.com

ATTORNEYS FOR PLAINTIFF

**Via Certified Mail**
Kevin Coffey            Via CM/RRR No. 7009 2250 0000 8119 6880
2728-15
Wayne McCollum Detention Center
300 S. Jackson Street
Waxahachie, Texas 75165

DEFENDANT

               /s/ *Darrell G-M Noga*
               DARRELL G-M NOGA